UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



CARLTON WALKER,

        Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
CORRECTION AND COMMUNITY
SUPERVISION, *ET AL.*,

        Defendants.

18-CV-6082 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carlton Walker initiated this matter against above named Defendants for recovery under 42 U.S.C. § 1983 for Defendants' alleged constitutional violations.[1] ("Complaint" ECF No. 3.) Currently before the Court are Plaintiff's motion to disqualify this Court, Judge Nelson S. Román from presiding over this case pursuant to 28 U.S.C. § 144 and § 455(a), (b)(1) and Plaintiff's motion for reconsideration. (ECF Nos. 5 & 13.) For the reasons set forth below, Plaintiff's motions are DENIED.

A. **Motion for Disqualification**

Under § 144, if a judge finds that a movant's affidavit seeking to disqualify him establishes legally sufficient claims of personal bias or prejudice, he must proceed no further and allow another judge to be assigned to the proceeding. 28 U.S.C. § 144. "Where, however, the supporting affidavit is insufficient on its face, this forbearance requirement is not 'triggered.' " *Role v. Eureka Lodge No. 434*, 402 F.3d 314, 318 (2d Cir. 2005) (*per curiam*). Section 455, in relevant part, requires a judge to recuse himself in any proceeding in which his impartiality

---

[1] Initially, this matter was part of an action brought with other plaintiffs. The Court severed the action into separate actions by an order issued on June 19, 2018. (ECF No. 1.)

might be reasonably questioned or where he has personal bias concerning a party or personal knowledge of disputed evidentiary facts.[2] 28 U.S.C. § 455(a), (b)(1); *United States v. Wolfson*, 558 F.2d 59, 61 (2d Cir. 1977).

Recusal is required both when there is actual bias or partiality and when there is the appearance of partiality. *U.S. v. El-Gabrowny*, 844 F. Supp. 955, 961 (S.D.N.Y. 1994) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). The standard for determining the existence, or nonexistence, of partiality is objective; partiality is determined by first examining the law and facts and then analyzing whether a reasonable person who knows and understands all the relevant information would recuse the judge. *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988); *El-Gabrowny, Corp.*, 844 F. Supp. at 961. Disqualification is typically determined only based upon "extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). When, as here, the request for disqualification is based on conduct in a judicial context, there are no grounds for recusal unless the moving party shows that the judge acted with pervasive bias, meaning action that is so "extreme as to display clear inability to render fair judgment," also known as pervasive bias. *Liteky v. United States*, 510 U.S. 540, 551 (1994); *McCenzie v. McClatchie*, No. 05-CV-618A(F), 2008 WL 138085, at *2 (W.D.N.Y. Jan. 10, 2008). Motions for recusal fall under the discretion of the district court. *In re Drexel Burnham Lambert Inc.*, 861 F.2d at 1312.

Here, Plaintiff's affidavit is insufficient to support claims of personal bias, impartiality, the appearance of impartiality, or personal knowledge of disputed facts. Plaintiff's complaints

---

[2] Section 455(a) contains broader grounds for disqualification than § 144 or § 455(b)(1) and requires a judge to recuse himself in "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir.1987).

appear to be that (1) the severance of the action was manifestly unjust and (2) there has been no "movement[] at all on the case," referring to the *in forma pauperis* application and the motion for reconsideration. Plaintiff argues, without providing support beyond the Court's language in past orders, that the Court has engaged in "improper conducts" and "manifestly unjust actions and inactions. Clearly, Plaintiff's request for disqualification is based on conduct in a judicial context, the administration of his case, and Plaintiff fails to show conduct that is so extreme as to clearly indicate that the Court is unable to render a fair judgment.

First, the court severed the previous action into individual cases, including Plaintiff's case, because it found that allowing the action to proceed as a multi-plaintiff case "would result in unfairness to Plaintiffs and does not serve the ends of judicial economy." (ECF No. 1.) The decision of whether to sever a matter rests with the discretion of the district court, and the Court properly exercised its discretion in severing this matter. Fed. R. Civ. P. Rule 20(b); *see United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011); *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 166 (S.D.N.Y. 2012).

Second, the court has responded to Plaintiff's *in forma pauperis* status application and responds to his motion for reconsideration as part of this opinion, below. (ECF No. 14.) While delay is regrettable, it is often unavoidable in the busy district courts of the Southern District of New York. Mere delay, without other facts or law, is not evidence of partiality or the appearance of partiality and certainly does not rise to the extremity required to impose liability for a judge's activity carried out in his judicial role. *See Shu Ling Ni v. Bd. of Immigration Appeals*, 439 F.3d 177, 181 (2d Cir. 2006) (holding that the petitioners failed to show that a judge had pervasive bias due to his knowledge of their prior proceedings); *see also Palmer v. Wyeth*, 163 F.3d 1354, 1354 (5th Cir. 1998) (*per curiam*) (holding that delay in ruling on motions did not necessitate

recusal); *Loranger v. Stierheim*, 10 F.3d 776, 780 – 81 (11th Cir. 1994) (holding that neither delay nor adverse rulings were "pervasive bias"). With no other basis besides the severance and the Court's delay in responding to his motions, his affidavit is legally insufficient on its face. Based on the facts and law, a reasonable person could not find this Court to be partial or that there is the appearance of partiality.

### B. Motion for Reconsideration

Reconsideration of a Court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, No. 05-CV-3430, 2006 WL 1423785, at *1 (2d Cir. 2006). Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b), and "[t]he standard for granting a motion for reconsideration . . . is strict." *Targum v. Citrin Cooperman & Co., LLP*, No. 12-CV-6909(SAS), 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Indeed, reconsideration will generally be denied " 'unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.' " *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, No. 17-CV-1388(KPF), 2018 WL 1871174, at *1 (S.D.N.Y. Apr. 17, 2018) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration, however, "is not a vehicle for . . . presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation and citation omitted). Nor is such a motion "an occasion for repeating old arguments

previously rejected . . . ." *RSM Prod. Corp. v. Fridman*, No. 06-CV-11512, 2008 WL 4355406, at *2 (S.D.N.Y. Sept. 23, 2008) (internal quotation marks omitted).

Further, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted).

Plaintiff's motion for reconsideration focuses on the Court's June 29, 2017 Order of Service. (No. 17-CV-2531, ECF No. 6.) Plaintiff objects to the Order of Service because the *in forma pauperis* application had not yet been decided, and the Order of Service required Plaintiffs to effectuate service despite their "physical limitations" and their desire to proceed *in forma pauperis*. (No. 18-CV-6082, ECF No. 6.) Because the *in forma pauperis* decision has been decided and denied, the Court dismisses Plaintiff's motion for reconsideration as moot.

## CONCLUSION

Plaintiff's motions are DENIED. The Clerk of the Court is directed to terminate the motion at ECF No. 13. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and to show proof of service on the docket.

SO ORDERED.

Dated: February 14, 2019
       White Plains, New York

                                              NELSON S. ROMÁN
                                              United States District Judge